NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0263n.06
Filed: April 7, 2009

No. 08-1189

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM F. DELANEY, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS RARIDEN; WESLEY EVANS; JANE HARRIS; MATTHEW BAUSERMAN; GARY ELFORD; JOHN AND/OR JANE DOE, POLICE OFFICER; RICK AND/OR ROBIN ROWE, GRAND BLANC TOWNSHIP OFFICIAL, AGENT EMPLOYEE AND/OR REPRESENTATIVE; AND, THE CHARTER TOWNSHIP OF GRAND BLANC, | ) ) ) ) ) ) ) ) | **O P I N I O N** |
| | ) | |
| **Defendants-Appellees.** | ) | |

BEFORE: NORRIS, BATCHELDER and ROGERS, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Cleanliness, it is said, is next to godliness. In the federal courts, as this appeal demonstrates, the same might be said of timeliness. In this appeal Plaintiff William Delaney ("Delaney") questions the propriety of two of the district court's determinations regarding his 42 U.S.C. § 1983 suit alleging wrongful arrest and malicious prosecution. First, the district court granted a motion made by defendants who are police officers in Grand Blanc Township, and Grand Blanc Township itself, for summary judgment on all claims, a motion which went unopposed by Delaney. Second, the district court denied Delaney's

subsequent–and untimely–request for leave to allow him to file a memorandum in opposition to defendants' motion for summary judgment. Delaney's notice of appeal regarding the first decision was untimely, and we affirm the district court on the second.

Untimeliness is a problem that has plagued Delaney throughout this case. The district court granted defendant's motion for summary judgment on October 26, 2007. Federal Rule of Appellate Procedure 4 required Delaney to file his notice of appeal within thirty days. He failed to do so, instead filing his notice on January 21, 2008, eight weeks late. And Delaney's request for leave to file a memorandum, filed five weeks after the entry of the summary judgment order, did not extend the filing deadline for the notice of appeal. Appellate Rule 4(a)(4)(A) contemplates several motions which may do just that, but Delaney's motion was not one of those. All of which is to say that Delaney's notice of appeal was, by a wide margin, untimely, and so we do not consider this aspect of his appeal.

We are left, then, with the question of whether the district court properly denied Delaney's request for leave to file a memorandum in opposition to defendant's motion for summary judgment. We have no trouble concluding that it did. This request, too, was untimely filed, a full five weeks after the district court had ruled on the summary judgment motion. Delaney tells us only that "extraordinary circumstances" prevented him from timely filing his brief in opposition. Not only does he fail to cite to any legal support for his position, but he fails in even the more modest aim of marshaling some factual support for it, by neglecting to spell out what, exactly, these "extraordinary circumstances" were. We therefore deem this argument waived. *See Moore v. Lafayette Ins. Co.*, 458 F.3d 416, 448 (6th Cir. 2006) ("[The courts of appeals] are not self-directed boards of legal

inquiry and research, but essentially arbiters of legal questions present and argued by the parties.");

*Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000) (issues

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are

deemed waived). Delaney presents no other arguments for reversing the decision of the district

court.

Delaney's appeal is **dismissed** to the extent that it relates to the district court's grant of

summary judgment against him, and the district court's decision denying Delaney's request for leave

to file a memorandum in opposition is **affirmed**.